UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JASON SPENCER, | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) Case No.: 2:23-CV-111 |
| v. | ) |
| | ) Judge Atchley |
| SULLIVAN COUNTY SHERIFF'S | ) |
| OFFICE and SULLIVAN COUNTY JAIL, | ) Magistrate Judge Wyrick |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner housed in the Sullivan County Detention Center, has filed a Complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. As discussed below, the Court will grant Plaintiff's motion and dismiss the Complaint for failure to state a claim upon which relief may be granted.

**I.   MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion [Doc. 4] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** the motion [*Id*.].

"When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997); *see* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full filing fee.").

Accordingly, Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220

West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

### A. Screening Standards

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief

"above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Plaintiff's Allegations**

On July 12, 2023, Plaintiff was arrested and placed in the Annex 2 pod in the Sullivan County Detention Center, where approximately thirty-eight people were housed in the twenty-four-person pod. [Doc. 1 p. 3-4]. Plaintiff was later moved to the suicide tank for a few days before he was returned to 2 pod, where the population had grown to over forty people. [*Id*. at 4]. The cell is "completely nasty[,]" and more than fifteen people sleep on the floor. [*Id*.]. The inmates also eat on the floor [*Id*.].

Afterwards, Plaintiff "was forced to move to the main Jail and placed in Cell 16 Day Room B[,]" where eight inmates are housed in the four-man cell. [*Id*.]. Plaintiff asked to be placed where he would not be forced to sleep on the "filthy floor" but was told there was no other place to house him. [*Id*.]. All of Plaintiff's personal possessions have been lost, all of his privileges have been removed for no reason, the inmates are treated as "less than human[,]" there is no hot water, the toilet leaks in the floor, there are not enough sheets or blankets for everyone, inmates have to buy soap to do their own laundry, the ceiling leaks, and the inmates cannot see in the mirror. [*Id*.].

Aggrieved by these circumstances, Plaintiff filed this action seeking "jail reform, release, pain and suffering, mental health care, physical health care, [and] release of every other inmate in Cell 16. . ." [*Id*. at 4].

### C. Analysis

#### 1. Named Defendants

Plaintiff has named the Sullivan County Sheriff's Office and the Sullivan County Jail as Defendants in this lawsuit. [*See* Doc. 1]. However, neither a sheriff's office nor a jail is a "person" for purposes of § 1983. *See Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))).

Sullivan County, however, is a suable entity. But to maintain a claim against Sullivan County, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional policy or custom of the County. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Plaintiff makes no allegations that would allow the Court to plausibly infer that his constitutional rights have been violated by the "official policies or established customs" of Sullivan County. *Id*. And Sullivan County cannot be held liable merely because merely it "employs a tortfeasor." *Id.* at 691. Accordingly, the Court will **DISMISS** the Sullivan County Sheriff's Office and the Sullivan County Jail.

##   2.     Conditions of Confinement

Although Plaintiff does not disclose his custodial status in his Complaint, he states that he was arrested and placed in jail on July 12, 2023. [Doc. 1 p. 3]. Therefore, the Court assumes for present purposes that Plaintiff was a pretrial detainee at the time of the incidents alleged in his Complaint. As a pretrial detainee, Plaintiff's constitutional protection against unconstitutional conditions of confinement comes from the Fourteenth Amendment's Due Process Clause, which protects detainees from being "punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, not every hardship imposed during pretrial detention amounts to "punishment" in the constitutional sense. *Id*. at 537. "Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to '"punishment."'" *Id*. at 539. Furthermore, there is a *de minimis* level of encroachment with which the Constitution is not concerned. *Id*. at 539 n. 21 (citation omitted).

A conditions-of-confinement claim has both objective and subjective elements. *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The objective element requires an allegation of a "sufficiently serious" deprivation. *Id.* And it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Thus, only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted).

As to the subjective element, because Plaintiff is presumed to be a pretrial detainee, a jail official could not punish him through deliberate indifference to the conditions of his confinement. *See Bell*, 441 U.S. at 535; *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A jail official is deliberately indifferent to a pretrial detainee's conditions of confinement when he acts

5

"deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

The Sixth Circuit has noted that "[c]onditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citation omitted). Here, Plaintiff complains of overcrowding and related conditions that he has endured since July 12, 2023. But overcrowding that results in Plaintiff sleeping on a mat on the floor is not, standing alone, a constitutional violation. *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (finding "overcrowding is not, in itself, a constitutional violation"); *Hubbard v. Taylor*, 538 F.3d 229, 235-36 (3d Cir. 2008) (finding that forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation). And while Plaintiff complains Cell 16 lacks hot water, adequate sheets and blankets, a functional mirror, and that it has a leaky toilet and ceiling, he does not allege that he suffered any physical consequences from those exposures such that the Court could find them sufficiently serious to violate the Constitution. *See, e.g., Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (finding no Eighth Amendment or Fourteenth Amendment violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days, but suffered no physical harm); *Barney v. Pulsipher*, 143 F.3d 1299, 1311-12 (10th Cir. 1998) (finding no constitutional violation where inmate was confined for forty-eight hours in a filthy cell, with inadequate lighting and ventilation, and unappetizing food); *Harris v. Ohio*, No. 1:19-CV-383, 2019 WL 2477354, at *6 (S.D. Ohio June 13, 2019) (finding plaintiff's "conclusory allegations that his cell was generally filthy, the ventilation was not properly functioning, [and] bugs were in his cell" did not amount to a deprivation of "the minimal civilized measure of life's necessities"), *report and recommendation*

*adopted*, No. 1:19-CV-383, 2020 WL 3893694 (S.D. Ohio July 10, 2020); *Brown v. Timmerman-Cooper*, No. 2:10-CV-283, 2013 WL 430262, at *2 (S.D. Ohio Feb. 4, 2013), *report and recommendation adopted*, No. 2:10-CV-283, 2013 WL 1344857 (S.D. Ohio Apr. 2, 2013) (finding inmate who did not suffer harm from prolonged lack of sanitation has no claim for damages); *Keel v. Davidson Cnty. Sheriff's Office*, 2015 WL 799724, at *3 (M.D. Tenn. Feb. 25, 2015) (granting summary judgment to defendants where inmate complained of sewage leak for three weeks before word order was placed but alleged no physical harm, as "[m]ultiple courts have found that exposure to leaking sewage in a prison cell with no accompanying physical harm is insufficient to satisfy the objective component of a constitutional violation"); *see also see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

Likewise, Plaintiff's assertion that inmates must purchase detergent to do their own laundry fails to implicate constitutional concerns, as Plaintiff has not alleged that he is unable to purchase the detergent, and the Court knows of no constitutional right to free hygiene items where funds to purchase them are available. *See, e.g., Bailey v. Carter*, 15 F. App'x 245, 2001 WL 845446 (6th Cir. July 20, 2001) (holding policy requiring payment for services, where funds are available, does not violate an inmate's constitutional rights).

In sum, the inconvenient and/or uncomfortable circumstances described by Plaintiff are of an insufficient nature and duration to constitute "punishment" or to be "objectively, sufficiently serious" in the constitutional sense. *Bell*, 441 U.S at 535; *Spencer*, 449 F.3d at 728. Therefore, Plaintiff's exposure to these conditions is insufficient to state a § 1983 claim upon which relief may be granted, and the Court will **DISMISS** these claims.

### 3. Privileges

Plaintiff alleges that inmates in Cell 16 do not receive privileges [Doc. 1 p. 4]. But to state

7

a cognizable constitutional claim for the denial of privileges, Plaintiff must demonstrate that his interest in those privileges is a liberty interest protected by the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). To establish such an interest, Plaintiff must show that being deprived of that right or interest imposes on him an "atypical and significant hardship" relative to the ordinary circumstances of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff does not identify the privileges he has allegedly been denied, and thus, his Complaint is devoid of any factual support that would allow the Court to find that he has a protected liberty interest in them. Accordingly, the Court will **DISMISS** this claim.

4. **Property**

Plaintiff also contends that all his personal possessions have been lost [Doc. 1 p. 4]. However, Plaintiff's due process rights are not violated when a government official deprives him of property, provided the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). And the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Therefore, Plaintiff's claim that he has been deprived his personal property fails to state a claim upon which § 1983 relief may be granted, and the Court will **DISMISS** this claim.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's Complaint will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE